# RENAUD *a.* CONSELYEA.

*Supreme Court, Second District; General Term, July,* 1857.

### MORTGAGE FORECLOSURE.—TRUST FUNDS.

Wherever a security for trust funds is taken by the trustee in his individual capacity (though he be described as trustee in the instrument), the legal title to the security vests, on his death, not in his successor in the trust, but in his personal representatives; and they or their assignee may maintain an action to collect the funds secured; and the defendants cannot set up the rights of the successor in the trust as a defence to the action.

The decision of the special term in this case (4 *Ante*, 280)—affirmed.

Appeal from a decision of the special term in a foreclosure case.

The defendants in this action, which was for the foreclosure of a mortgage, now appealed from the decision of the special term that plaintiff was entitled to judgment. The facts in the

---

case are stated in our report of the decision appealed from, 4 *Ante*, 280.

*James Maurice*, for the appellants.

*Luther R. Marsh*, for the respondent.

By the Court[*]—S. B. Strong, J.—The complaint describes the mortgage as one given to Charles Paget in his own right. The mortgage designates him as the administrator of John Devoe, deceased. It does not, however, purport to convey any thing to Paget in that capacity; on the contrary, all but the description in the premises indicates a conveyance to him for his own use and benefit. What is said of his being an administrator is a mere description of the person, and there was not therefore any fatal variance between the allegation in the complaint and the proof.

The mortgage is not, however, conclusive that it was given to Paget as his own property. It is considered as a mere chattel interest, and the proprietorship may be proved by parol evidence. As the suit, to be sustainable, must have been brought by the party in interest, it would have been competent for the defendants to have averred in their answer, and then have proved, that the plaintiff was not the owner of the mortgage, as it had been in fact given to Paget in his representative capacity, and transferred to the plaintiff by Paget's executor, without the requisite power to do so. Possibly, too, the defendants might have availed themselves of the objection, if the want of interest in the plaintiff had been apparent in the mortgage itself. But as it was not, the defendants, who had not averred the objection in their answer, could not produce ulterior evidence to sustain it. That might have been done by perti-

[*] Present, S. B. Strong, P. J., Davies and Emott, JJ.

nent evidence by the original defendants, who had insisted upon the defence in their answer. But they have not appealed, and the appellants cannot avail themselves of an objection applicable only to others.

It seems to me, however, that the evidence offered by the appellants was not competent, and was therefore eventually properly rejected. It may be doubted whether the acts of the mortgagee, independently of the mortgage, could be properly given in evidence to defeat the claim of an assignee. It could not be done, I think, until the good faith of the assignment had been successfully assailed. Besides, the evidence tendered by the appellants, if admitted, would not have gone far enough to sustain the proposed defence. There was not enough in the inventory and the amount to prove that the judgment and the mortgage were for the same debt.

The omission to produce the bond in evidence on the trial was not necessarily fatal to the plaintiff's recovery. As the mortgage recited the bond, the court might render judgment in favor of the plaintiff; and if the non-production of the original paper at the trial was the only objection, the difficulty may be obviated on an appeal by producing the document at the hearing.

The judgment should be affirmed.